UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD WILLIAMS, | § | |
|     *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-CV-02518 |
| | § | |
| LORIE DAVIS, | § | |
| Director of the Texas Department of | § | |
| Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
|     *Respondent*. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Gerald Williams, a Texas state inmate, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state convictions for possession of marijuana and possession of a controlled substance with the intent to manufacture or deliver. Dkt. 1. The matter was referred to this magistrate judge for report and recommendation. Dkt. 7. Williams was ordered to show cause why the petition should not be dismissed on limitations grounds. After careful review, the Court recommends that the petition be dismissed as time-barred.

## BACKGROUND

Williams was convicted in the 263rd District Court for Harris County, Texas, in February 2009. Dkt. 1 at 2. His conviction was affirmed on appeal (Dkt. 1 at 3), and a mandate denying his petition for discretionary review was issued on January 13, 2011.[1] Williams's petition indicates that he did not seek a writ of certiorari from the Supreme Court. *Id*. Williams's first state habeas application was received on March 28, 2011 and

---

[1] *See* Case Report, Case No. 01-09-00258-CR, *available at* http://www.search.txcourts.gov/Case.aspx?cn=PD-1476-10&coa=coscca.

subsequently dismissed because Williams's direct appeal was still pending and not final until April 13, 2011.[2] Williams alleges he filed his second state habeas application in September 2011, which was denied without written order on May 4, 2016.[3] Williams filed this petition on or about April 4, 2017. Dkt. 1.

## ANALYSIS

This petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, a habeas petition filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). The limitations period is tolled while a "properly filed" state habeas petition is pending. See 28 U.S.C. §2244(d)(2).

---

[2] *See* **Case Report, Case No. 01-09-00258-CR,** *available at* **http://www.search.txcourts.gov/Case.aspx?cn=WR-75,615-02&coa=coscca.**
[3] *See* **Case Report, Case No. 01-09-00258-CR,** *available at* **http://www.search.txcourts.gov/Case.aspx?cn=WR-75,615-03&coa=coscca.**

Williams's first state habeas application did not toll the federal statute of limitations because it was not properly filed. Therefore, the one-year statute of limitations began to run on April 13, 2011, 90 days from the date his petition for discretionary review was denied. Five months elapsed before Williams filed his second state habeas application, which was denied on May 4, 2016. At that point, the limitations period began running once again, with seven months remaining before the expiration date of December 4, 2016. Williams did not file this petition until April 4, 2017, four months after the limitations period expired. Therefore, Williams's petition is time-barred under the statutory limitation period. 28 U.S.C. § 2244(d). Williams has offered no grounds to justify equitable tolling of the limitation period.

## CONCLUSION

For these reasons, the Court recommends that Williams's petition be dismissed with prejudice. All remaining motions should be terminated as moot.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to timely object will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on November 7, 2017

Stephen Wm Smith
United States Magistrate Judge